UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Auguste J. Burton,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) No.: 08 CV 5777 |
| | ) Honorable Judge Robert Dow, Jr. |
| **Chicago Police Officers** | ) |
| **Alfonza Wysinger,** | ) |
| **JamesGilger # 21151,** | ) |
| **Officer Deady# 12374,** | ) |
| **Anderson, M.A. #3129,** | ) |
| **And Other Unknown Police Officers** | ) |
| | ) |
| **Defendant.** | ) |

**FIRST AMENDED COMPLAINT**

The Plaintiff, **AUGUSTE J. BURTON,** by and through his attorney, **PABLO DECASTRO**, makes the following complaint against Chicago Police Officers Wysinger, Gilger, Deady, Anderson, as named above, as well other unknown Chicago Police officers:

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Auguste J. Burton's rights as secured by the United States Constitution.

2. Thus, this Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331, 1332, 1343 and 1367.

4. Venue is proper under 28 U.S.C. Section 1391(b) as the events giving rise to the claims asserted in this complaint occurred within this District**.**

1

**PARTIES**

5.      DEFENDANT OFFICERS and UNKNOWN OFFICERS, were at all relevant times, Chicago police officers employed by The City of Chicago, and acting within the scope of their employment and under color of law.

**FACTS**

6.      On or about June 23, 2007, at or near 5000 W. Ferdinand Street, in the City of Chicago, Illinois, DEFENDANT OFFICERS arrested Auguste J. Burton without a warrant and without probable cause.

7.      Plaintiff was first approached by Defendant Officer Wysinger, who accosted him at gun point, forced him to the ground and placed him under arrest. Officer Wysinger made material allegations he knew to be false to support his arrest of the Plaintiff, and the resulting prosecution.

8.      Defendant Officers Deady and Anderson, knowing that the arrest was unsupported by probable cause, assisted in the arrest, taking over from officer Wysinger the care and custody of the plaintiff, and transporting him to a secure location within the Chicago Police Department Detective Division.

9.      Once inside the Police station, the plaintiff was taken to a locked interview room and questioned by Defendant Officer Gilger. During this interrogation, Defendant Officer Gilger slapped the plaintiff several times in the head with an open hand, punched him in the side of his torso several times, and threatened more severe beatings. This physical abuse occurred while the plaintiff was handcuffed to a ring in the wall, causing injuries to his arm and wrist, in addition to the direct injuries inflicted to his head and body.

2

10. As a result of the above physical abuse the defendant was coerced into giving a statement which contributed to his being charged with Attempted Murder, a charge for which he has been held in the custody of the Cook County Jail continuously since June 24, 2007.

11. Auguste J. Burton has suffered physical and emotional damages as a result of the constitutional violations described above.

## Count I: Unlawful Search & Seizure

12. Plaintiff restates paragraphs 1-11 as if fully restated here.

13. As more fully described in the preceding paragraphs, Defendant Officers seized and arrested Auguste J. Burton without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth Amendment to the United States Constitution.

14. On information and belief, Officers Dead, Anderson, Gilger, and other Unknown Officers were aware of Officer Wysinger's original misconduct in making the false claims in support of Plaintiff's unlawful arrest, had a reasonable opportunity to intervene, but failed to do so.

15. On information and belief, Officer Gilger was aware that he allegations against Plaintiff had been fabricated. Nevertheless Officer Gilger forced Plaintiff to make a statement consistent with the fabricated allegations.

16. As a direct and proximate result of DEFENDANT OFFICERS and UNKNOWN OFFICERS' misconduct, Auguste J. Burton has suffered harm including physical and emotional damages which will be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment against DEFENDANT OFFICERS and UNKNOWN OFFICERS in a fair and just amount sufficient to compensate EDWIN and DARRYL JR. for the injuries they have suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count II -- Section 1983 Excessive Force

17. Plaintiff restates paragraphs 1-11 as if fully restated here.

18. As more fully described in the preceding paragraphs, the intentional conduct of DEFENDANT OFFICERS toward Auguste J. Burton. was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

19. On information and belief, UNKNOWN OFFICERS were aware of DEFENDANT OFFICERS' misconduct, had a reasonable opportunity to intervene, but failed to do so.

20. As a direct and proximate result of DEFENDANT OFFICERS' use of excessive force and UNKNOWN OFFICERS' failure to intervene, Auguste J. Burton has suffered physical and emotional damages which will be proven at trial.

**WHEREFORE,** Plaintiffs pray for judgment against DEFENDANT OFFICERS and UNKNOWN OFFICERS in a fair and just amount sufficient to compensate EDWIN and DARRYL JR. for the injuries they have suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count III: § 1983 Conspiracy Claim

21. Plaintiff restates paragraphs 1-11 as if fully restated here.

22. DEFENDANT OFFICERS and UNKNOWN OFFICERS impliedly or

4

expressly conspired and agreed to violate Auguste J. Burton's constitutional rights as more fully described above.

23. As a direct and proximate result of DEFENDANT OFFICERS and UNKNOWN OFFICERS' conspiracy, Auguste J. Burton has suffered physical and emotional damages which will be proven at trial.

**WHEREFORE**, Plaintiffs pray for judgment against DEFENDANT OFFICERS and UNKNOWN OFFICERS in a fair and just amount sufficient to compensate EDWIN and DARRYL JR. for the injuries they have suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

**Plaintiff demands a trial by jury.**

**Auguste J. Burton, Plaintiff**

By: __/s/ Pablo deCastro__
      Attorney for Plaintiff

Respectfully Submitted,

S/Pablo deCastro, April 15, 2009
**PABLO DECASTRO, ARDC No.** 6224763
Attorney for the Plaintiff
Rascia & DeCastro, Ltd.
650 N. Dearborn, #700
Chicago, IL 60654
312-994-9100 Office
312-994-9105 Fax
pdecastro@rascia-decastro.com; Email
ysierra@rascia-decastro.com; Secondary Email

5

Case: 1:08-cv-05777 Document #: 18 Filed: 04/15/09 Page 6 of 6 PageID #:51