# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **Auguste J. Burton** | ) | |
| | ) | |
| **Plaintiff,** | ) | 08 C 5777 |
| | ) | |
| v. | ) | **Judge Dow** |
| | ) | |
| **Wysinger, et al.,** | ) | **Magistrate Judge Cox** |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' JOINT MOTION TO DISMISS

Defendants Wysinger, Gliger, Deady, and Anderson, by one of their attorneys, Helen C. Gibbons, Assistant Corporation Counsel, respectfully request that this Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismiss Plaintiff's First Amended Complaint for failure to state a claim. In support of this motion, Defendants state as follows:

## STATEMENT OF THE CASE

During the evening hours of June 23, 2007, Plaintiff was arrested by Chicago Police officers. See *Plaintiff's First Amended Complaint "Complaint"* at ¶ 6, attached here as Exhibit "Exh." A. On June 24, 2007, Plaintiff went before the Honorable Judge Raymond Miles of the Circuit Court of Cook County on a charge of Attempted Murder arising out of that arrest. Exh. A, ¶¶ 10, and the *Certified Statement of Conviction,* 0711248366302, attached here as Exh. B.[1] Judge Miles made a finding of probable cause to detain and set a $300,000.00 I bond. *Id*. Subsequently on July 20, 2007, the case was superseded by direct indictment under case number 07 CR 1518. *Id.* Plaintiff was charged with six counts of Attempted First Degree Murder, one

---

1 Due to a clerical error, Defendants were unable to file the certified copy for Exh. B, nor the most current copy of

1

count of Armed Habitual Criminal and one count of Aggravated Discharge of a Firearm at a Peace Officer, and one count of Aggravated Discharge of a Firearm. Exh. C.

Four charges proceeded to trial: two counts of Attempted First Degree Murder of a Peace Officer; one count of Attempted First Degree Murder; one count of Aggravated Discharge of a Firearm at a Peace Officer. Exh. F, *Transcript*, April 7, 2010: p. 25-28.[2] Ultimately, a single count of each charge proceeded to verdict, and Plaintiff was found guilty of each charge Exh. C; Exh. I, *Transcript*, April 12, 2010: p. 86-87. On September 27, 2010, Plaintiff was sentenced to 52 years for count 1 (count two, a lesser included offense, was merged); 35 years for Count 5; and 20 years for count 8. Exh. C.

On October 9, 2008, *pro se* Plaintiff filed a complaint against the City and a number of Chicago Police Officers. On November 13, 2008 this court appointed the present counsel and on April 15, 2009, Plaintiff filed an amended complaint naming four Defendant Officers and unknown officers. Exh. A. Plaintiff's Amended Complaint improperly attacks his underlying criminal conviction pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Also, to the extent Plaintiff's claims may not attack his underlying conviction, Plaintiff is collaterally estopped from re-litigating those claims as they were fully developed during the criminal trial.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged pleading fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). Such a motion tests the sufficiency of the complaint,

---

Exh. C. Updated exhibits will be filed as a supplement in one day, June 1, 2011.
2. Full copies of the transcripts relating to Plaintiff's criminal case are available upon request.

not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court takes "all well pleaded facts as true, but will not strain to find inferences favorable to the plaintiffs which are not apparent on the face of . . . [the] complaint." *Coates v. Illinois State Bd. Of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977) (citations omitted). Although when considering a motion to dismiss a court accepts as true all well-pleaded facts and reasonable inferences, a court is not obligated to accept a complaint that merely raises the possibility of relief. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). When the facts alleged are insufficient to support the claim pled, the claim should be dismissed. In considering these facts, the Court is entitled to consider exhibits attached to the complaint as part of the pleadings, and may take judicial notice of public records relevant to the claims. *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988)

## ARGUMENT

Plaintiff's Amended Complaint brings three counts: I. Unlawful Search and Seizure; II. Excessive Force; III. Conspiracy. Exh. A. Plaintiff's Amended Complaint is silent as to the fact he was convicted of three charges, stating only that he was coerced into giving a statement which contributed to his being charged with Attempted Murder. *Id*. at ¶ 10. Plaintiff already litigated the claims before this court in his criminal trial and therefore all of Plaintiff's claims against the individual officers fail as a matter of law pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), which prohibits a convicted individual from seeking damages under 42 U.S.C. § 1983 on *any* theory that implies the individual's conviction was invalid, without first getting the conviction reversed, expunged, invalidated, or impugned by the grant of habeas corpus. Plaintiff's

3

conviction has not been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus, therefore Plaintiff's Amended Complaint is improper and must be dismissed.[3] The claims in Plaintiff's Amended Complaint, if allowed to go forward, would invalidate his underlying criminal conviction, and thus is barred by *Heck*.

In *Heck*, the court held "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by federal court's issuance of a writ of habeas corpus, 28 USC § 2254." *Id*. at 486-487. Thus, a claim for damages by a plaintiff where his/her conviction or sentence has not been invalidated is not cognizable under § 1983.

The issue in *Heck* was whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983. *Id*. at 478. The *Heck* court analogized a § 1983 wrongful conviction or imprisonment claim to the common law tort of malicious prosecution, where the cause of action for malicious prosecution does not accrue until the criminal proceedings have been terminated in the plaintiff's favor. *Id*. at 484. The requirement of having a plaintiff prove that the prior criminal proceeding has been invalidated is rooted in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same

---

3. In the course of researching this motion, Defendants have discovered that Plaintiff's criminal appeal is still pending. In the interest of economy, Defendants move forward with this motion, however ask that this motion be entered and continued and all discovery stayed until such point as Plaintiff's criminal appeal is resolved and the issues presently before the court can be appropriately and timely ruled upon.

identical transaction." *Id*. The rule is intended to prevent "collateral attack on [a] conviction through the vehicle of a civil suit." *Id*. Therefore, the Court in *Heck* denied the existence of a cause of action under § 1983 where the conviction or sentence had not been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Id*. at 489.

In applying the *Heck* analysis, this court may take judicial notice of plaintiff's criminal trial testimony and subsequent conviction. *Palay v. U.S.*, 349 F.3d 418, 422 (7th Cir. 2003) (holding an internal administrative claim form was public record). A court may do so without converting the motion to dismiss into a motion for summary judgment. *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1994); citing, *Mack v. South Bay Beer Distribution Co.*, 798 F.2d 1279, 1282 (7th Cir. 1986). If this court found in favor of Plaintiff on the unlawful search and seizure, excessive force, and conspiracy claims, it would necessarily invalidate the criminal conviction and sentence.

Where Plaintiff's civil pleading denies the factual basis underlying the criminal conviction, and a victory by Plaintiff would plausibly mean that the jury's verdict was unlawful, the claim is barred by *Heck*. *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (*citations omitted*). *Malden v. City of Waukegan*, 2009 WL 2905594, *2, (N.D. Ill. 2009) (Schenkier, J.). In this instance, Plaintiff's unlawful search and seizure, excessive force, and conspiracy claims -- framed by the facts alleged -- are inconsistent with the underlying state court criminal conviction. Where Plaintiff makes allegations that are inconsistent with the conviction having been valid, *Heck* kicks in and bars his civil suit. *See Okoro,* 324 F.3d 488, *Malden v. City of Waukegan*, 2009 WL 2905594 at *2.

5

In *Okoro*, a *pro se* federal prisoner brought a civil rights suit against federal and state officers. *Id.* at 489. After a bench trial, judgment was entered for the defendants since the district judge disbelieved plaintiff's story. *Id.* The *Okoro* plaintiff, who had been arrested for dealing heroin, claimed that during the search incident to his arrest, the defendants stole gems and cash. *Id.* Plaintiff had claimed that he was not trying to sell heroin to the officers, as they testified to in the criminal case, but that he was trying to sell them gems and that the defendants stole the gems. *Id.* Okoro claimed that he had no drugs and he was framed by the defendants. *Id.*

The *Okoro* court held that plaintiff's position and claims in the civil case were a collateral attack on his conviction and therefore *Heck* kicked in and his claims were barred. *Id.* at 490.

> "If this is true, then almost certainly he was convicted in error, for that testimony was an essential part of the evidence against him in the criminal case; and if he cannot prevail in his claim for the return of the gems without undermining the criminal case against him, then he is barred by *Heck* unless and until he knocks out his conviction, which he has never done."

*Id.* at 489. "[H]e is challenging the validity of the guilty verdict by denying that there were any drugs and arguing that he was framed," and is therefore barred by *Heck. Id.* at 490.

    **A.**    **Plaintiff's Unlawful Search and Seizure Claim, Count I**, **is barred.**

As in *Okoro*, Plaintiff here is not just alleging an unlawful search and seizure and unlawful detention, he is challenging the validity of his conviction by denying that he fired a gun at Defendant Alfonza Wysinger, and denying that he was arrested with probable cause, and denying that Defendant Officers lawfully detained him. Exh. A at ¶¶ 6, 7, 8, 9, 10. This is precisely the type of collateral attack that *Heck* forbids. His arrest and detention stemmed from a

6

single interaction with Alfonza Wysinger, resulting in criminal charges, addressed at one trial, resulting in Plaintiff's conviction.

Alfonza Wysinger, a 24 year veteran of the Chicago Police Department testified clearly and credibly at the criminal trial that on the night of the underlying incident he was at his grandmother's 80th birthday party in the neighborhood he grew up in. Exh. G, *Transcript,* April 8, 2010: p. 25, ln. 5; p. 26, ln. 10-11, 16-17. As the evening progressed Wysinger saw Plaintiff Burton, walking down the street, and Burton shortly thereafter took out a gun and fired several rounds. *Id.* at p. 32, ln. 3-8, 10-13. There was more gunfire, Burton took off running, and Wysinger announced his office, told Burton to stop and drop the weapon. *Id.* at p. 33, ln. 3-5; p. 34, ln. 1-4; 9-10. Burton did not comply with any of Wysingers' directions. *Id.* at p. 34, ln. 23; p. 35, ln. 1. Wysinger ran after Burton, and Burton turned and fired his gun at Wysinger; Wysinger returned fire. *Id.* at p. 36 ln. 1-4, 18-19; p. 47, ln. 6-15. Burton continued running, and again fired his gun at Wysinger. *Id.* at p. 39, ln. 6-7; p. 48, ln. 19-23. While running away, Burton tripped and Wysinger was able to apprehend him. *Id.* p. 40, ln. 1-4, 20-23; p. 41, ln. 2, 5-9.

Wysinger's brother and three neighbors witnessed portions of the events. *Id.* p. 42, ln. 15-17; p. 43, ln. 24; p. 44 ln. 24. Arnold Wysinger's testimony supports his brother's testimony. *See generally id.*, p. 91, ln. 1-3, 10, 14-15; p. 92, ln. 23; p. 93, ln. 2-8; 10; p. 94, ln. 10-16; p. 95, ln. 7-14; p. 99, ln. 1; p. 101, ln. 9-11; p. 111, ln 7. Just as the testimony remaining eye witnesses supports Wysinger's tesimony. *See generally id.* testimony of Authurine Kelly: p. 124, ln. 1-2, 19; p. 125, ln. 1, 13-14, 19-20; p. 126, ln. 4-6; testimony of Charlena Cooper: p. 145, ln. 2-4, 12-14; p. 146, ln. 1, 9-10, 21-23; p. 147, ln. 11-15; p. 148, ln. 2-3, 10-11, 14, 23-24;

p. 149, ln. 1-3; testimony of Coretta Jones. at p. 176, ln. 13; p. 177, ln. 3-4; 15; p. 178, ln. 1-2, 11, 17.

Furthermore, the State in the underlying criminal case presented forensic evidence regarding the gun that Burton had and the shots that were fired. *Id*. A fire arms expert was also presented and cross examined regarding the guns and related evidence. Exh. H, *Transcript,* April 9, 2010.[4] Finally, Detective Gilger also testified regarding his role in the investigation. *Id.* at p. 27-61.

There is no possible way Plaintiff can prevail on this Complaint without attacking the underlying conviction. To claim that he was falsely arrested and seized would require the testimony, the findings of the jury, and the verdict of the criminal case to be completely disregarded. Furthermore, the allegations relating to a coerced statement, discussed in depth below, which are plead under both Count I and Count II were fully and completely addressed at the criminal trial. There can be no question as to the validity of the probable cause in this case, Plaintiff was properly arrested and detained, and these allegations are the attack on his criminal conviction which *Heck* explicitly forbids. Count I of Plaintiff's amended complaint must be dismissed.

**B.     Plaintiff's Excessive Force Claim**, **Count II is also barred by *Heck*.**

Further Plaintiff's excessive force claims are without merit, as this too undermines his criminal conviction. These allegations and claims are inconsistent with the still valid conviction and therefore are barred by *Heck*. Plaintiff does not merely claim that he was subjected to

---

4 As neither of these witnesses have a direct bearing on any of the issues raised in Defendants' motion, their testimony is not relied upon, however will be provided if needed.

8

excessive force, but claims he was coerced by the abuse into giving a statement which contributed to his being charged with Attempted Murder. Exh. A at ¶¶ 9, 10.

In Plaintiff's criminal trial this matter was fully briefed and ruled upon in a motion to suppress. Exh. D, *Motion To Supress*; Exh. E, *Transcript,* March 24, 2010. The criminal court was fully presented with all the facts and evidence relating to the supposed abuse and coercion. Two officers testified about their role in the investigation. *See generally,* Exh E, testimony of Officer Deady, p. 8-25; testimony of Detective Kolman, p. 25-39. The supposed perpetrator of the excessive force, Detective Gilger, testified that he never used force against Burton, or acted improperly. *Id.* at p. 55, ln. 10-24; p. 56, ln. 1-24; p. 57, ln. 6-16; p. 76, ln. 1-4. In fact, Detective Gilger was never alone with Plaintiff, Gilger only interacted with Plaintiff in the presence of Assistant State's Attorney Kevin Nolan. *Id.* at p. 49, ln. 3-24; p. 50, p. 51, ln 6-13, p. 54, ln. 14-17, p. 69, ln 16-19; p. 75, ln. 16-24. Assistant State's Attorney Kevin Nolan's testimony corroborated Detective Gilger's testimony. *Id.* at p. 83, ln. 22-24; p. 88, ln. 13-22; p. 102, ln. 8-24; p. 103, ln. 1-3. Also, a Polaroid was taken of Plaintiff after his interview. *Id.* at p. 57, ln 17-23; p. 59, ln. 9-21; p. 100, 12-24; p. 101, 1-2.

Judge Hennelly denied the motion to suppress, noting specifically that due to the nature of the victim, it can be argued that the police officers did not engage in misconduct, but rather would be sure not to jeopardize the case. *Id.* at p. 125, ln. 21-24 – p. 126, ln. 1-2. Also, Judge Hennelly noted that there was no testimony that the photograph of Burton showed any injury, bruising or swelling. *Id.* at p. 126, ln. 16-24 – p. 127, ln. 1-2. He also noted that Burton was alone with the Assistant State's Attorney and had the opportunity to complain of misconduct and did not. *Id.* at p. 127, ln 3-12. Ultimately Judge Hennelly held that "Based on the testimony of

9

the officer and the Assistant State's Attorney, I find that each and every allegations contained in the defense's motion has been responded to and rebutted and as a result the defendant's motion to suppress statements is considered but it is hereby denied." *Id.* at p. 127, ln. 23-24 – p. 128, ln. 1-4.

These are precisely the same issues Plaintiff is now alleging and the same individuals who would be called to testify in this civil proceeding. Plaintiff has already had this issue ruled on in criminal court and to reopen inquiry into these allegations, possibly resulting in a finding for Plaintiff, would result in the complete undermining of this specific ruling, and in turn undermine his criminal conviction.

Plaintiff's allegations in the present case are similar to the issues raised in the *Okoro* case: if Plaintiff's present theory of the case is correct, and he prosecuted based on a coerced statement made after being abused, Plaintiff would have been convicted in error. His allegations of excessive force are in extricable intertwined with his state court conviction. Plaintiff's allegations of excessive force would call into question the credibility of not only the arresting Officers in his criminal trial, but also the Assistant State's Attorney who also participated in the arrest process and undermine that conviction by calling into question the factual and procedural basis of his conviction. If Plaintiff's theory of the case is true, he was certainly convicted in error. *Okoro* at 489. If he prevails in this civil case Plaintiff will achieve a conflicting resolution from one transaction, the exact issue *Heck* bars.

Though courts have found that *Heck* does not always bar claims of excessive force as often those claims do not necessarily imply the invalidity of the underlying conviction, that is not the present issue before this court. *See Hardrick v. Bolingbrook*, 522 F. 3d 758, 763 (7th Cir.

2008) (holding excessive force claim not intertwined with plaintiff's state court conviction for resisting or obstructing a peace officer and therefore not barred pursuant to *Heck*); *See also Van Gilder v. Baker*, 435 F. 3d 689, 692 (7th Cir. 2005) (holding a plea of guilty to resisting a law enforcement officer would not create two conflicting resolutions arising out of the same or identical transaction). Both the *Hardrick* and *Van Gilder* cases present circumstances where the plaintiffs did not deny that they resisted arrest, rather they alleged that the amount of force used to arrest them was not objectively reasonable. *Hardrick* 522 F.3d at 764; *Van* Gilder 435 F.3d at 692. In fact in *Hardrick*, the plaintiff alleged that after a struggle with the police officer he was waiting peacefully and not resisting when excessive force was used against him, and the court held that this allegation did not necessarily imply the invalidity of the underlying conviction. *Id.* at 763. Before this court Plaintiff does not simply allege there was excessive force, he that force was used to coerce a statement from him which then contributed to his criminal charges and prosecution. Exh. A at ¶ 10. That issue was fully developed in his criminal trial and he cannot be allowed to re-litigate this issue and come to a conflicting resolution.

Furthermore, Plaintiff fails to allege a constitutional injury when he claims that he was handcuffed to a wall. Exh. A at ¶ 9. Pursuant to *Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009) and *Tibbs v. Chicago*, 469 F.3d 661, 665-66 (7th Cir. 2006), tight hand-cuffing is rarely a constitutional offence. Plaintiff's pleading fails to allege a constitutional injury with regard to the handcuffing. Plaintiff cannot use civil litigation to undermine his criminal conviction. Nor can Plaintiff allege an actual constitutional injury as result of his handcuffing. Therefore Count II must be dismissed.

## C. To the extent *Heck* does not bar Plaintiff's claims regarding the invalidity of his arrest, he is collaterally estopped from addressing these issues as he had a full and fair opportunity to litigate his claims at his criminal trial.

Further, collateral estoppel generally bars a plaintiff from re-litigating under § 1983 issues decided against him in earlier state proceedings. *Simpson v. Rowan*, 125 Fed. App'x 720, 721 (7th Cir. 2005) (citations omitted). A criminal conviction based upon a guilty plea or a finding of guilty is conclusive of the underlying facts of the plea, which then may be used to establish issue preclusion in an ensuing civil suit. *Appley v. West*, 832 F.2d 1021, 1026 (7th Cir. 1987); *Wolverine Mut. Ins. v. Vance ex rel. Tinsley,* 325 F.3d 939, 943 (7th Cir. 2003) (holding collateral estoppel applied to a finding of intent in a criminal trial). A guilty plea or a finding of guilty may not necessarily preclude a claim for false arrest when the claim would not invalidate the underlying conviction. *Reynolds v. Jamison*, 488 F.3d 756, 766-67 (7th Cir. 2007). However, "the existence of probable cause for arrest is an absolute bar to a § 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution. *Shkrobut v. City of Chicago*, 2005 WL 2787277, *2, (N.D. Ill.2005) (Andersen, J.) *citing Smith v. City of Chicago*, 913, F.2d 469, 473 (7th Cir. 1990).

In *Simpson*, plaintiff proceeded *pro se* at his criminal trial where he was accused of murder. *Simpson* 125 Fed. App'x at 721. The Seventh Circuit considered whether a plaintiff had a full and fair opportunity to litigate the issues raised in his civil complaint, i.e. the legality of the search and seizure, during the course of his criminal proceedings. *Id.* The *Simpson* plaintiff argued though he did raise a motion to suppress the search and seizure, it was denied, and he failed raise it in any of his post-trial motions. *Id.* Also, plaintiff claimed his mental limitations kept him from fully and fairly litigating the issue. *Id.* The Court held that the plaintiff

deliberately proceeded without the assistance of counsel, he had the opportunity to present his Fourth Amendment issue to the state trial court, and he made use of that opportunity which then estopped him from litigating the same issue in the civil lawsuit. *Id* at 723.

In much the same way, Plaintiff is estopped from again litigating his illegal search and seizure, excessive force, and conspiracy claims. Not only did Plaintiff file a motion to suppress, but also he had the full and fair opportunity to address each of these issues at his criminal trial, of which he took full advantage. Plaintiff cannot now get a second chance to cover the same issues and try for a different outcome.

**D.  Plaintiff's Remaining Claim for conspiracy must be dismissed.**

As all of Plaintiff's other claims are bared pursuant to *Heck* and collateral estoppel Plaintiff's remaining claim is precluded, and therefore his conspiracy claim must be dismissed. The final count of Plaintiff's Amended Complaint is not an independent basis of liability and requires an underlying constitutional cause of action to go forward. *See Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 423 (7th Cir.2000) (holding that when defendants do not violate a plaintiff's civil rights a conspiracy claim fails). Therefore, all of Plaintiff's claims must be dismissed.

## **CONCLUSION**

Plaintiff's complaint must be dismissed because it is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Also, to the extent Plaintiff's claims do not undermine his criminal conviction, they are barred by collateral estoppel. Furthermore, if there are no underlying constitutional violations, the remaining allegation of conspiracy must fail. Defendants, Chicago Police Officers Wysinger, Gilger, Deady, and Anderson, respectfully

request that this Honorable Court dismiss Plaintiff's Amended Complaint.

                                                       Respectfully submitted,

                              BY:    /s/ Helen C. Gibbons
                                         HELEN C. GIBBONS
                                         Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-3982 Phone
(312) 744-6566 Fax
Attorney No. 6292881

# CERTIFICATE OF SERVICE

      I hereby certify that I have caused true and correct copies of the above and foregoing Motion and Notice of Motion to be served upon all parties of record pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 31st day of May, 2011.

                                                       /s/ Helen C. Gibbons

                                                     HELEN C. GIBBONS